J. Angus Edwards (USB #4563)
Jones Waldo Holbrook & McDonough PC
170 South Main Street, Suite 1500
Salt Lake City, Utah  84101
Telephone:  (801) 521-3200
aedwards@joneswaldo.com

*Attorneys for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| Kent Harman; Tamara Harman; Jack Harman; Shelley Harman; Bob Harman; and Twila Harman;<br><br>    Plaintiffs,<br><br>    v.<br><br>Wilson-Davis & Co., Inc.<br><br>    Defendant. | **PETITION TO VACATE ARBITRATION AWARD**<br><br>Case No. 2:16-CV-00229-CW<br><br>Judge: Clark Waddoups |
|---|---|

Come now Plaintiffs, by counsel, and this action to vacate the Arbitration Award, pursuant to 9 U.S.C. § 10(a).

## I.     JURISDICTION AND VENUE

The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 based upon federal question.  Plaintiffs' Statement of Claim in the Arbitration included causes of action for federal securities violations and control person liability under the Exchange Act of '34.

Venue in this district and in this division is proper pursuant to 28 U.S.C. § 1391, because Defendant's principal place of business is in the Central District of Utah in Salt Lake County.

Venue in this district and in this division is also proper pursuant to 9 U.S.C. § 10(a), because the Arbitration Award was made in Salt Lake County.

## II.     THE PARTIES

Plaintiffs, Mr. Bob Harman and his wife, Mrs. Twila Harman, are both citizens of Idaho. Mr. Kent Harman and Mr. Jack Harman are two of their adult children.

Plaintiffs, Mr. Kent Harman and Mrs. Tamara Harman, are husband and wife, who are both citizens of Utah.

Plaintiffs, Mr. Jack Harman and Mrs. Shelley Harman, are husband and wife, who are both citizens of Idaho.

All of the Plaintiffs (referred to herein as "the Harman Family") were Claimants in the underlying FINRA arbitration against the Defendant.

Defendant Wilson-Davis & Co., Inc., is a Utah corporation. Defendant was the Respondent in the underlying FINRA arbitration.

## III.     INTRODUCTION

As a matter of public policy, all courts favor arbitration and give great deference to the arbitration process. *Central Florida Investments, Inc. v. Parkwest Associates*, 40 P.3d 599, 606 (Utah 2002); *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983).

But that is NOT an absolute policy without boundaries. Even in arbitration, there is a line in the sand that is NOT crossed: a court will NOT be used to assist in or perpetrate a fraud, as stated in the "judicial policy of refusing to 'lend [the court's] power to assist or perpetrate a fraud.'" *Commercial Union Ins. Co. v. Lines*, 378 F.3d 204, 208 (2nd Cir. 2004) (quoting *Kitchen v. Rayburn,* 86 U.S. 254, 262 (1873)); *see also Chase v. Cohen*, 519 F.Supp.2d 267, 283

(D.Conn. 2007) (quoting *Kitchen* and *Commercial Union*). As noted in *Kitchen,* the court "can never be exerted in behalf of one who has acted fraudulently, or who by deceit or any unfair means has gained an advantage." 86 U.S. at 263.

## IV.   STATEMENT OF FACTS

The Harman Family, Plaintiffs, were farmers in Idaho. In 2008, they sold the family farm and sought investment advice from Defendant.

### A. Defendant falsified and destroyed determinative documents.

A careful comparison of Mr. Bob Harman's financial statements demonstrates that his financial statement was forged to increase his net worth from $1 million to $3.455 million. *Compare* Exh. A, *against* Exh. B *and* Exh. C. (Exhibits A, B, and C were found in Defendant's possession.) Defendant admitted that Mr. Harman would not qualify for TIC investments if his net worth was $1 million. Exh. D. Defendant sold Mr. Harman TIC investments based upon the falsified net worth.

Defendant affirmed, in its Affirmations to Document Request and FINRA List 1, that they "no longer [had] copies of any due diligence reports" conducted by itself or on its behalf by outside firms "in regard to the subject investments." Exh. E, at 2. Despite the law that requires that these documents be maintained, Defendant spoliated them.

### B. Panel awarded NO LIABILITY on the TIC investments.

Despite Defendant's falsification of Mr. Bob Harman's financial statement and their destruction of due diligence records, the Panel awarded "no liability" on the Tenant in Common Investments. Exh. F.

## V.   APPLICATION OF THE LAW

The Tenth Circuit recognizes a public policy reason for vacating an arbitration award as set forth by the United States Supreme Court in *Misco*:

> The public policy exception to enforcing arbitration awards is "rooted in the common law [] that a court may refuse to enforce contracts that violate law or public policy." *United Paperworkers Int'l Union v. Misco, Inc.,* 484 U.S. 29, 42, 108 S.Ct. 364, 98 L.Ed.2d 286 (1987). The Supreme Court has "cautioned ... that a court's refusal to enforce an arbitrator's interpretation of such contracts is limited to situations where the contract as interpreted would violate 'some explicit public policy' that is 'well defined and dominant, and is to be ascertained by reference to the laws and legal precedents and not from general considerations of supposed public interests.' " *Id.* at 43, 108 S.Ct. 364 (quoting *W.R. Grace*, 461 U.S. at 766, 103 S.Ct. 2177; emphasis omitted).

*Lewis v. Circuit City Stores, Inc*., 500 F.3d 1140, 1151 (10th Cir. 2007); *Buzas Baseball, Inc. v. Salt Lake Trappers, Inc*., 925 P.2d 941, 948 (Utah 1996) (also quoting *Misco* and *Grace*).

### A.  A strong judicial policy prohibits affirming the arbitrators' award.

There is a very longstanding, explicit, and well defined public policy that a court will NOT be used to assist in or perpetrate a fraud.  *Commercial Union*, 378 F.3d at 208 (quoting *Kitchen,* 86 U.S. at 263) (the powers of the court "can never be exerted on behalf of one who has acted fraudulently, or who by deceit or any unfair means has gained an advantage.").  To affirm an award where a party has engaged in fraud "would make [the] court the abetter of iniquity." *Kitchen,* 86 U.S. at 263.

### B.  This Court cannot be an abetter of iniquity.

Affirming the Panel's award would make the court "the abetter of iniquity," as set forth in *Kitchen* and its progeny.  This court cannot condone an action that explicitly violates public policy (prohibition on falsifying and destroying documents).  Confirmation of this award would have a ripple effect that affects the entire securities industry.  It would set a precedent where a

broker will have no liability for destroying or even affirmatively falsifying documents (in effect, encouraging them to do so).  Where an arbitration decision allows a party to outright destroy documents, falsify documents, profit from the wrongdoing, and "*get away with [it],*" that award <u>must be vacated</u>.

## VI.    CONCLUSION

This case demonstrates the *Commercial Union's* balancing of national public policies and the need for a stringent limited exception to the public policy favoring arbitration.  An award that endorses destroying and falsifying documents must be vacated, because there is an even stronger public policy that courts will not exert their power on behalf of one who has acted fraudulently, or who by deceit or any unfair means has gained an advantage.

Therefore, pursuant to 9 U.S.C. § 10(a), a vacatur is warranted.

Dated: March 21, 2016

JONES WALDO HOLBROOK & McDONOUGH PC

By: /s/ J. Angus Edwards
    J. Angus Edwards

Joshua H. Sisam [*pro hac vice* requested]
  Texas # 24079346
  Minnesota # 0394786
Edwin L. Sisam [*pro hac vice* requested]
  Minnesota # 183313
Sisam & Associates, LLP
2 Spencer Road, Suite 101
Boerne, Texas 78006
(830) 428-0333 – Office
(830) 331-4044 – Fax

Attorneys for Plaintiffs
